FILED
*July 24, 2015*
Third Court of Appeals
Jeffrey D. Kyle
Clerk

WILLIE LEE OCKLETREE,
#1906981
ALLRED UNIT/TDCJ-CID
2101 F. M. 369 N.
IOWA PARK, TEXAS 76367
JULY 13, 2015

HONORABLE JUSTICES PRESIDING,
In The COURT OF APPEALS For The
THIRD SUPREME JUDICIAL DISTRICT
OF TEXAS At Austin
attn: Jeffrey D. Kyle, Clerk
P. O. BOX 12547
AUSTIN, TEXAS 78711

RECEIVED
JUL 24 2015
THIRD COURT OF APPEALS
JEFFREY D. KYLE

In Re: Appeal Ct. No. 03-14-00046-CR
WILLIE LEE OCKLETREE -v- THE STATE OF TEXAS
APPELLANT'S COMBINED LETTER FORM PLEADINGS,
TO WIT: APPELLANT'S MOTION TO SUSPEND RULES;
APPELLANT'S BRIEF ON APPEAL; AND MOTION FOR
ANY AND ALL AVAILABLE REMEDY, RELIEF, REDRESS
AND REMONSTRANCE AUTHORIZED BY THIS HONORABLE
COURT OF APPEAL'S JURISDICTION AND AUTHORITY
AS AUTHORIZED IN ACCORDANCE WITH THE UNITED
STATES CONSTITUTION AND THE STATE OF TEXAS
CONSTITUTION AND THEIR CONFORMING LAWS...

Dear Honorable Justices Presiding in the Court Of Appeals for the
Third Supreme Judicial District Of Texas at Austin:

COMES NOW, WILLIE LEE OCKLETREE, #1906981, an Offender, who
is confined in Texas Department of CRiminal Justice- Correctional
institutional Division (TDCJ-CID), who is the Appellant in the above
styled and numbered cause, who does make and file this APPELLANT'S
COMBINED LETTER FORM PLEADINGS, TO WIT: APPELLANT'S MOTION TO SUS-
PEND RULES; APPELLANT'S BRIEF ON APPEAL; AND MOTION FOR ANY AND ALL
AVAILABLE REMEDY, RELIEF, REDRESS, AND REMONSTRANCE AUTHORIZED BY THIS
HONORABLE COURT OF APPEAL'S JURISDICTION AND AUTHORITY AS AUTHORIZED
IN ACCORDANCE WITH THE UNITED STATES CONSTITUTION AND THE STATE OF
TEXAS CONSTITUTION AND THEIR CONFORMING LAWS and which is declared,
stated, verified, acknowledged, confirmed, and pled under the penalty
of perjury of the LAWS of the UNITED STATES and THE STATE OF TEXAS
to be true and correct in accordance with and pursuant to the pro-

visions of 28 U. S. C. sec. 1746 and the Texas Civil Practice and Remedies Code, Sections 132.001-132.003 for which my signature and the date of its execution does confirm the foregoing and pled contents of this pleading to be true and correct as follows:

I.

## JURISDICTION

The Appellant maintains and avers this Honorable Court Of Appeals has jurisdiction and authority in accordance with and pursuant to The Texas Constitution, Article V, Section 6 and the relevant applicable provisions of the Texas Government Code governoring the Court Of Appeals for the Third Supreme Judicial District Of Texas at Austin. For the Appellant's timely and proper NOTICE OF APPEAL purports to give this Honorable Court Of Appeals jurisdiction and authority in this matter.

However, the Appellant would ask that this Honorable Court Of Appeal to take judicial notice of the Reporter's Record Vol. 13, Page 41 at line 10, the Appellant in his "pro se" capacity did orally move the court for a new trial by and through entry on page 41 Lines 10 through 25 as continued on Page 42 Lines 1 through 16. For in the instant case this Honorable COURT OF APPEALS must determine if this cause is properly before the Honorable Court Of Appeals where the trial court and appointed court apointed attorney did not confer with the dismissed trial attorney and/or the Appellant to make known if in fact sufficent error of a constitutional dimension and magnitude existed to hold hearing and preserve error for appeal. As the record is devoid of any ruling and determination made by the trial court on the Appellant's oral motion for new trial and no hearing was ever held and conducted.

Still further, where the Appellant is proceeding "Pro Se" after the court appointed attorney on appeal did make and file his brief in accordance and pursuant to the ruling and opinion of the United States Supreme Court in the case of Anders -v- California, 386 U. S. 738, 87 S. Ct. 1396 (1967) ausing the Appellant to invoke this Honorable Court Of Appeals jurisdiction and authority pursuant and in accordance with thr ruling and opinion of the United States Supreme Court in the case of Haines -v- Kerner, 404 U.S. 519

(1972). For the APPELLANT declares and pleads that he is proceeding without the advise and/or the assistance of one who has been formally trained in the "art" and "science" of the field of law.

## II.
### APPELLANT'S MOTION FOR THE SUSPENSION OF THE RULES

COMES NOW, the Appellant, who does move this Honorable Court of Appeals to Suspend he Rules in accordance with and pursuant to to Texas Rules of Appellate Procedure, Rule 2 which expressly and impliitedly authorize this Honorable Court of Appeals to suspend the rules as stated in Rule 2 that reads as follows:

> "...On a party's motion or on its own initiative an appellate court may—to expedite a decision or for other good cause—suspend a rule's operation in a particular case and order a different procedure; but ~~this~~ a court must not construe this rule to suspend any provision in the Code of Criminal Procedure or to alter the time for perfecting an appeal in a civil case...."

For the Appellant does move abd seek to have the relevant and applicable rules governorii the form of pleadings, form of briefs, and the form of motions; as relevant to the requirements for all when being made, filed and pled before this Honorable OURT OF APPEALS as being hereinafter PRAYED for.

WHEREFORE, PREMISES CONSIDERED, the Appellant PRAYS that this HONORABLE Court of Appeals does suspend any and all rules to allow this "Pro Se" Appellant to proceed in the instant cause by and through this APPELLANT'S COMBINED LETTER FORM PLEADING.

AND FURTHER, the Appellant Prays that this Honorable Court of Appeals be granted any and all other remedy, redress, relief, and remonstrance as authorized by law and equity.

## III.
### APPELLANT'S BRIEF ON APPEAL
#### A.
#### IDENTITY OF THE PARTIES

APPELLANT:
WILLIE LEE OCKLETREE
TDCJ-CID #1906981
ALLRED UNIT
2101 F. M. 369 N.
IOWA PARK, TEXAS 76367

TRIAL COUNSEL FOR APPELLANT:
MR. JEFFREY D. PARKER
312 E. CENTRAL AVE.

P. O. BOX 660
BELTON, TEXAS 76513

APPELLATE COUNSEL FOR APPELLANT:
Gary E. Prust
LAW OFFICE OF GARY PRUST
1607 Nueces St.
Austin, TEXAS 76513

TRIAL COUNSEL FOR APPELLEE:
SHELLY DAWN STRIMPLE
STEPHANIE NEWELL
1201 HUEY RD.
P. O. BOX 540
BELTON, TEXAS 76513

APPELLATE COUNSEL FOR APPELLEE:
Bob Odom
1201 Huey Rd.
P. O. Box 540
BELTON, TEXAS 76513

## IV.
## STATEMENT REGARDING ORAL ARGUEMENT

The Appellant, a "Pro Se" Litigant, who is currently confined in Texas Depatment of Criminal Justice- Correctional Institutional Division at the Allred Unit, 2101 F. M. 369 N., Iowa Park, Texas 76367. For all current and existing law does not mandate and/or require this Honorable Court of Appeals to issue any writ to bring the Appellant before the Court for arguement.

## V.
## STATEMENT OF THE CASE

Appellant was indicted in two count indictment alleging the offenses of injury to a disabled person and aggravated assault with a deadly weapon with an enhan ement paragraph invoking Texas Penal Code, Section 12.42(d) allowing for punishment range of twenty-five years to ninety-nine years or life imprisonment, if the allegations are found to be true upon a conviction of the primary offense.... For the Appellant chose a trial by jury and made and entered his plea of "not guilty" to the allegation of aggravated assault after the State chose to abandon the injury to a disabled person. As the Appellant was found guilty of the primary offense and prior convictions having been found to be true by the jury who imposed punishment at seventy-five years confinement. A verbal Motion For New Trial was made and entered in open court (RR Pages 41, Line 10 through 25; 42, Lines 1 through 16, Volume 13). For the record is absent

-4-

of any ruling and/or hearing on the Appellant's verbal <u>Motion For New Trial</u>. As the <u>Notice Of Appeal</u> was made and filed by the Appellant's court appointed attorney who took no action on the Appellant's verbal <u>MOTION FOR NEW TRIAL</u>.

## VI.
## STATEMENT OF PROCEDURAL HISTORY

The Appellant maintains that the record shows that an indictment was returned by the Grand Jury of Bell County for the 426th Judicial District Court on or about May 22, 2013 alleging two(2) counts, to wit; Injury To a Disabled Person and Aggravated Assault with a Deadly Weapon with allegations of prior convictions being made to invoke punishment pursuant to <u>Texas Penal Code, Section 12.42(d)</u>.

It is further shown within the records that the Appellant was initially represented by Attorney Randall Scott Magee, who appeared in open court on or about July 26th, 2013 to establish in the record that District Attorney Shelly Dawn Strmple had made and advanced a ten (10) year plea bargain offer and which the Appellant had prior to his appearance in open court refused and further refused in the course of the Plea Offer Hearing. Which a subsequent hearing and appearance by Attorney Magee was made on or about August 19, 2013 when he appeared and pled <u>Motion For PR Bond</u> that resulted in adverse ruling. As Attorney Randall Scott Magee appeared in open court one more time in the instant cause to advance a <u>MOTION TO WITH DRAW AS COUSEL</u> that was docketed and heard on September 24, 2013 when the Appellant did then proceed in the case as his own attorney (Pro Se) with standby appointed cousel, namely; Attorney Jefferey David Parker.

The Appellant acting as his own attorney with standby counsel, namely; Attorney Jeffrey David Parker did participate in hearing held on October 15, 2013 for hearing of Pretrial Motions which the Appellant had filed. For the result of this hearing cause the Honorable Fancy H. Jezek, Judge Presiding in the 426th Judicial District Court to appoint standby attorney to proceed as the Appellant's trial attorney; who would proceed as defense attorney in the trial on merits and all other Pretrial Proceedings held subsequent to the the October 15, 2013 proceedings. As the January 3, 2014 Pretrial Motion Proceedings Attorney Jeffrey David Parker placed into record

that the Bell County District Attorney had advanced a pleabargain offer previously during July 22, 2013 hearing that the Appellant had then and would during the pretrial hearing reject. And further, the hearing would show and document the Appellant's dissatisfaction with his attorney's representation.

The Appellant's trial proceedings began on January 6, 2014 and Attorney Jeffrey David Parker appeared as the Appellant's attorney of record where he waived opening statements and refused and failed to embrace the "voir dire examination" with active participation of zealous manner. For this is of relevance and import where the victim as alleged in the indictment was of the White Race and the accused/appellant was of the Black Race. As the lack of active participation compromised preservation of error relevant to the unauthorized, unlawful, and unconstitutional use of the capacity of employment and its authority as an Assistant District Attorney, namely; Honorable SHELLY STRIMPLE, who engaged in a systematic custom and practice of excluding eligible jurrors from the panel.

With the jury having been selected for the Appellant's trial and having been sworn in the Appellant's trial began and Count One of the indictment was abandoned and proceeded to trial on Count Two that alleged aggravated assault with a deadly weapon where the State advanced opening arguement and Appellant's counsel reserved the right to advance arguement prior to the Defense presenting evidence after the resting of the State. For the State proceeding with presenting its case by and through witness testimony and exhibits being offered and entered into evidence purporting to support the proof of the allegations set forth in the indictment. And after the State rested there was a hearing held on record in absence of the judge regarding the Appellant having been advised not to testify as the advice of his Attorney Jeffrey David Parker was not to testify as he, Attorney Parker stated, "...Well, if there's —if there's any doubt, I'll tell you right now, unequivocally, clearly without any question, I am telling you that it is my professional advice you not testify in this case...." For Attorney Parker did not make or give any statement or arguement and the Appellant on record waived his right to testify believing the advice of his attorney that the evidence was insufficent to find guilt beyond a reasonable doubt.

The State and Defense both having rested the jury was removed

and in recess as the State and the Defense with the Court prepared the charge on "guilt or innocence.

The preparation of the charge was completed where the Court ordered he return of the jury and each jurror was given a copy to follow along as the charge of the court was administered to the jury. For the Defense was allowed to present its closing arguement of which Attorney Jeffrey David Parker avered that there was evidence that the Appellant had admitted possesing a knife and having thrown it away. Which the Appellant's attorney failed to inform the jury that the Appellant had remained in custody from March 12, 2013 to the very point and time making any avertment as having been purportedly made to support the elements of the indictment could not and should not be substantiated when his restraint would not allow for him to throw away a knife. As the State did make and give its losing arguement of which upon completion the jury went to the jury room for deliberation. The deliberation of the jury resulted in the Appellant being found guilty as charged in the indictment.

Because the Appellant had chosen the jury to impose sentence, the jury was read the enhancement as set forth in the State's Notice of Enhancement setting forth allegations of the Appellant having been previously convicted to impose punishment pursuant to the Texas Penal Code, Section 12.42(d). The Appellant made and entered his plea of "not true" and the State proceeded with presenting evidence to prove the prior convictions. For he Appellant took the stand and was questioned by the State and Defense, as to information relevant to the Appellant's past. The charge on punishment as complete of the same read to the jury who retired an returned with a finding of the Appellant having been previously convicted and a punishment of seventy-five (75) years was imposed, as a result of proceedings having been held in open Court on January 7th and 8th, 2014.

VI.

GROUNDS FOR REVIEW

WITH ARGUEMENTS

1. GROUND FOR REVIEW NUMBER ONE WITH ARGUEMENT

APPELLANT CONTENDS AND COMPLAINS THAT HIS RIGHT TO REASONABLY EFFECTIVE ASSISTANCE OF COUNSEL ON THE FIRST APPEAL HAS BEEN DENIED IN VIOLATION OF RIGHTS UNDER U. S. CONSTITUTION, SIXTH AMENDMENT.

## ARGUEMENT AND AUTHORITIES

The Appellant contends and complains that he was not afforded the minimum of reasonable effective assistance of counsel during a critical stage of the criminal process and procedure, to wit; on the first appeal. For it is a matter of the record that Attorney GARY E. Prust , as appointed by the court for purpose of making and filing of a written Motion For New Trial and seeing that the same was docketed for hearing pr or to having made and filed Notice Of Appeal whereas the Appellant had made an oral Motion For New Trial which the trial court did not otherwise make any ruling thereon. As the rulings and decisions of the United States Supreme Court in the case of Strickland -v- WASHINGTON, 466 U.S. 668 (1984) and those of its genre. As the mere fact that the court appointed attorney did make and file an appeal brief purportedly in accordance with and pursuant to ANDERS -v- CALIFORNIA, 386 U.S. 738 (1967).

Accordingly, if the appointed counsel had adhered and conformed to the fundamentals of his schooling and training he would have investigated and made known to himself that the trial counsel was of opinion and belief that the evidence as proffered and entered into the trial records failed to substaniate and support a finding of "guilty as charged in the indictment." Which in spite of this belief and opion as set forth in the trial records at VOLUME 10, PAGE 57 through 59 as relevant to Attorney Parker making this a part of the records. Yet, he Attorney Parker did not make a formal motion to the Court for a directed verdict of acquital explaining his position and preserving error thereon.

Still further, where the record at Volume 13, Page 41 and Page 42, the Appellant makes and enters into the record an Oral Motion For New Trial which under the ircumstances where the Court allowed for the trial attorney to be allowed to withdraw. And because the Appellant for the Brief moment did not and does not have an attorney and his oral motion was even acknowledged y the Court the refusal and failure of the appo nted attorney to make and f le a Motion For New trial where substantaial error had occured during the punishment part of the trial where the records and documents used for purpose of enhancement would not and does not show the Appellant to have

-8-

twice convicted in accordance and pursuant to Texas Penal Code, Section 12.42(d). For if the State's Attorney and/or the Appellant's trial counsel had investigated they would have found that the Appellant's 1991 purported conviction was in fact voidable and unavailable into for use as an enhancement where is was void ab ~~initio~~ which the State's proof of the Appellant's enhancements is both actually and factually insufficent. Yet, from the outset when the Appellant made an attempt to bring to the attention of the Court by and through an inartfully pled Motion To Quash that neither the State's Attorney and/or the Court timely addresseed the error where any corre tion of the faulty prior allegat ons should have been made timely and properly before trial. For this would have removed the element of surprise on part of the Appellant's trial counsel who did not and does not know the prior convictions are in fa t all three are voidable and were allowed to be used w thout any objection on his part, the trial attorney.

In conclusion, the Appellant mainta ns and avers that he was not and has not been afforded the minimum of reasonably effective assistance of counsel on appeal when the appointed appeal attorney refused and fa led to make a reasonable and dilligent investigat on to see if there was either a verbal and/or written Motion For New Tr al that was made ad entered into the record that had been timely and properly done within ten days of the entry of the judgement and sentence. As this fa t and the failure of the appo nted appeal attorney to brief the fa t that no rul ng had been made deny ng the Motion For New Trial the Anders Br ef as now before the Honorable Court of Appeals constitutes ineffe t ve assistan e of counsel. As the Honorable Court Of Appeal does not have jurisdiction.

2. GROUND FOR REVIEW NUMBER TWO WITH ARGUEMENT

APPELLANT CONTENDS AND COMPLAINS THAT THE EVIDENCE AS USED AND RELIED UPON THE SUPPORT THE APPELLANT'S CONVICT ON FOR AGGRAVATED ASSAULT W TH A DEADLY WEAPON IS ACTUALLY INSUFFICENT DENY NG THE APPELLANT H S R GHT TO A FAIR AND IMPARTIAL TRIAL UNDER THE U. S. CONSTITUTION, AMENDMENT SIXTH.

-9-

## ARGUMENT AND AUTHORITIES

The Appellant maintains and contends that the United States Constitution, Sixth Amendment mandates that the evidence in the review of actual insuffiency under the United States Supreme Court's ruling and opinion in Jackson -v- Virginia, 443 U.S. 307 (1979) requiring "no rational trier of factcould /find/ proof of guilt beyond reasonable doubt." For in the instant case if not for the direct and indirect bias for reason of race and gender, the evidence as heard and considered merely showed and represented that on the early morning of March 12, 2013 a 911 telephone call had been made by someone at the address of a residence located on Houston Street, in Killeen, Texas. As well as, having shown that Debbie Sweet and the Appellant both were at the house.

Still further, the trial on merit found in Volume 9 through 11 onstituted an accumalation of facts proffered by the State by and through witnesses that had been called to purportedly show the commiss on of Aggravated Assault with a Deadly weapon as having been alleged in the indictment. For the deadly weapon, to wit; a knife as shown and exhibited; as well as, having been entered into evidence were not shown to have been ever used and/or exhibited by the Appellant at any time on the morning of March 12, 2013. As the testimony of the State's witness in chief, the victim, namely; Debbie Sweet informs that two knives were found and turned over to the Police. And neither of the two does Debbie Sweet ident fy the Appellant as having possesed and used them at the time of the alleged threat and purported deadly weapon possession and use to substant ate commission of the offense. As she Debbie Sweet repeatedly gave testimony if true that contradicted the required and needed showing.

Even further, the utter inability of Debbie Sweet to be able to identify whi h one of the two knives she turned over to the Police was the actual weapon raises question of doubt. For the inability of the Police to find either of the two knives found by the victim Debbie Sweet raises a serious question of fact as to was there a nife or knives involved at all? As the shoddy Police work in having failed to have the victim examined by medical personel to remove any doubt that the victim had in fact been subject to an assault that gave rise for the Appellant to be jailed on March 12, 2013. Which

-10-

further there is no one other than Debbie Sweet asseting that the Appellant had made a threat by stating "Bitch I'm going to kill you!" As she, Debbie Sweet, further during the course of her testimony stated contradiction as to the Appellant's location and whereabouts when the stated threat was made by the Appellant and of which Debbie Sweet did not and could not give relevant factual account consistent with the initial statement made and given to Police Officer who took the written statement making the same the basis of probable cause for the Appellant's arrest.

In total and conclusion the entire purported supportative testimony by all witnesses proffered by the State gives rise to no more than a small piece of evidene that does not meet the requirements of Jackson -v- Virginia, 443 U.S. 307 (1979) thereby denying the Appellant his right to a fair and impartial trial as required by the U. S. Constitution, Sixth Amendment which requires that evidence be sufficent. For the Appellant is entitled to reversal and entry of acquital pursuant to the Burks -v- U.S., 437 U.S. 1 (1978).

3. GROUND FOR REVIEW NUMBER THREE WITH ARGUMENT

APPELLANT CONTENDS AND COMPLAINS THAT THE EVIDENE AS USED AN RELED UPON TO SUPPORT THE APPELLANT'S CONVICTION FOR AGGRAVATED ASSAult WITH A DEADLY WEAPON IS FACTUALLY INSUFFIENT DENYING THE APPELLANT TO HIS RIGHT TO A FAR AND IMPARTIAL TRAL UNDR THE U. S. CONSTITUTION, SIXTH AMENDMENT.

ARGUEMENT AND AUTHORITIES

The Appellant without reiterating of subject matter of the previous Ground For Review, the Appellant does now advance and plead his fa tual suffiency complaint relying on the ruling of the Texas Court of Criminal Appeals which the Court's ruling and opinion in Clewis -v- State, 922 SW2d 126 (1996 Tx. Ct. Cr. App.) is relevant and applicable in the instant case where the factual suffiency does not warrant and support a finding as returned by the jury where the evidence does not connect the Appellant to the possession and use of a knife and/or knives proffered and entered into evidence by the State as having been found and turned in to the Police by the victim and State's chief witness whose factual account does not fully and accurately support the allegations and findings made by the jury.

Accordingly, where Debbie Sweet's testimonial account repeatedly

-11-

contradicts and fail to support and substantiate the allegations made in the indictment. For the Texas Court of Criminal Appeals has ruled and determined that factual insuffiency violates the U. S. Constitution, Amendment Six. Clewis -v- State, 922 Sw2d 126 (1996 Tx. Ct. Cr. App.)

Because the trial on merits as found in Volumes 9, 10, and 11 does not fa tually support a finding of "Guilty as Charged in the Indictment" the Appellant see_s this Honorable ourt of Appeals to reverse and acquit.

4. GROUND FOR REVIEW NUMBER FOUR WITH ARGUEMENT

APPELLANT CONTENDS AND COMPLAINS THAT THE STATE COMMITTED PREJUDICIAL AND HARMFUL ERROR WHEN THE NOTICE FOR ENHANCE MENT DID FAIL TO G VE THE APPELLANT NOTI E OF WHAT HE WAS TO DEFEND DURING THE PUNISHMENT PHASE OF THE TRIAL.

ARGUEMENT AND AUTHORITIES

The Appellant does contend and complain that the State's NOTICE OF INTENT TO SEEK ENHANCEMENT PUNISHMENT does fail to g ve the Appellant proper and t mely notice. For the entire Notice as hav ng been read by State's Attorney Strimple was read into the record and to the jury and Court. (See: Volume 12, Pages 6, Lines 21-25; Page 7, Lines 1-25; Page 8, L nes 1-11) For the subject matter and ontent will tend to show the complaint as having been made by the Appellant in his MOTION TO QUASH THE INDICTMENT was honored by purportedly making needed correction to substance of the Enhancement Paragraphs that had aleged wrong information regarding purported prior convictions. As the Noti e as read and given into record to the Jury and Cour alleges that the Appellant on trial for the Offense of theft when in fact the Appellant had been tried and convicted of Aggravated Assault with a deadly Weapon, to wit; a knife.

Because this allegation and reading by the State creates a fatal variance that subjects the Appellant to prejudice and harm when the Court's Jury Charge On Punishment as having been read and given to the jury shown in Volume 13, PAGE 5, LINES 22-25; Page 6, L$^I$NES 1-25; Pages 7-13, LINES 1-25; Page 14, Lines 1-5 set forth the Charge which does not track the reading of the State's Notice.

-12-

Accordingly, the Appellant is of belief that the State's Attorney has violated the Appellant's rights as defined by the U. S. Constitution, Amendment Five expressly mandating that the Appellat, a person, should not be held to answer for a capitol, or otherwise infamous crime, unless upon presentment or indictment of a Grand Jury. For the State's Attorney having abandoned the allegation stated in the indictment and proceeded on the Notice that now fails to track the jury charge which the Appellant contends and maintains that the ruling and opinion of the United States Supreme Court in the case of WOLFF -v- McDONNELL, 418 U.S. 539 (1974) gives forth relevant and applicable diction to support the Appellant's contention and complaint of violation of his rights by the acts, actions, omissions, and otherwise conduct of the State's Attorney.

The Appellant seeks that this Court grant and order the Appellant's enhanmement to be null and void without any effect with remandment for imposition of new punishment within the range of what the offense mandates.

5. GROUND FOR REVIEW NUMBER FIVE WITH ARGUEMENT

APPELLANT CONTENDS AND COMPLAINS THAT THE STATE'S ATTORNEY FAILED TO PROPERLY PROVE THE APPELLANT'S PRIOR CONVICTIONS FOR PURPOSE OF ENHANCEMENT.

ARGUEMENT AND AUTHORITIES

The Appellant contends and complains that the State's Attorney in the course of purporting to proffer evidence and proof of the Appellant's prior convictions for purpose of enhancement the records and documents as proffered and used does fail to affirmatively show proper certification as required by Langston -v- State, 776 Sw2d 586, 587 (Tx. Cr. App. 1989) and Banks -v- State, 158 Sw3d 649, 653 (Tx. App—Houston /14th Dist./ 2005).

For this reason the Appellant seeks the enhancement to be ruled null and void andorder a reversall and remand for purpose of sentening.

6. GROUND FOR REVIEW NUMBER SIX WITH ARGUEMENT

APPELLANT CONTENDS AND COMPLAINS THAT THE EVIDENCE ON PROOF OF ENHANCEMENT IS INSUFFICENT AS WHERE THE JUDGEMENTS AND SENTENCES ARE VOID.

## ARGUEMENT AN_ AUTHORITIES

The Appellant contends and complains that the eviden e used and relied upon by the State's Attorey is legally insuffi ent to support imposition of enhancement as allegd in the Notice. For the State's Attorney's use of multiple means to otherwise show and support the commission and conviction of prior convictions where the jdgements and senten es upon their face show and support the judgements, sentences, and convictions to be null and void. As the rul ng of the T_exas Court of Crim nal Appeals in the case of FLOWERS —v— STATE, 220 Sw3d 919, 921 (Tx. Cr. App. 2007) identifies numerous ways to prove a prior conviction of which in this case a combination of them all was used.

However, the Appellant is of the position where the priors are void upon theeir face the proof must not be sustained. For not even the Appellant's own testimony will support any enhancement when the prior convictions are contrary and in violation of the United States Constitution, Sixth Amendment.

And for this reason the Appellant request reversal and remand for resenten ing in ac ordance with the law.

7. GROUND FOR REVIEW NUMBER SEVEN WITH ARGUEMENT

APPELLANT CONTENDS AND COMPLAIN _ THAT HIS TRIAL ATTORNEY WAS INEFFECTIVE IN A CRITICAL PORTION OF THE APPELLANT'S CRIMINAL TRIAL, TO WIT; VOIR DIRE.

### ARGUEMENT AND AUTHORITIES

The Appellant maintains and avers that he was not afforded the *minimum* og reasonable *effective* assistange of counsel by his trial counsel who refused and fa$^i$led to partigipate in an active zealous manner during voir dire. For the Appellant, a Black Defendant, whose victim was a White F_emale and this fact alone should have alerted h m that his participation would be required and needed to comply with the mandat of he U. S. Supreme Court in the case of Strickland —v— Washington, 466 U.S. 668 (1984).

Because the Appellant's trial counsel did refuse and fail to partic pate in the voir d re exam nat on the Appellant wad prejudi ed when memers of he jury whose prejudices and bias for reason of race and gender were not dis overed and effectively denied the Appellant

a fair and impartial trial.

Accordingly, the Appellant seeks to have his case reversed and remanded for a ne trial where the trial counsel's refusal to render the m nimum of reasonable effective ass stan e of counsel inflicted prejudice and harm in his trial attributing and contributing to the Appellant's judgement and conviction.

## PRAYER

WHEREFORE, PREMISES OF THIS LETTER FORM BRIEF HAVING COME REGULAR before this HONORABLE COURT OF APPEALS, the Appellant does PRAY that this COURT GRANT the Relief as sought and request for each Ground For Review as the Appellant may be entitled.

Ad further, the Appellant does PRAY that this Honorable Court Of Appeals does grant and ORDER any and all other relief that the Court is authorized under both LAW and EQUITY, as the Appellant does hereinafter affix his s gnature here nafter on this date of July 13, 2015 declaring, confirming, verifying, and pleading under the penalty of perjury this Br ef is true and correct.

Respectfully submitted,

s//_____
WILLIE LEE OCKLETREE, #1906981
APPELLANT, PRO SE
ALLRED UNIT/TDCJ-CID
2101 F. M. 369 N.
Iowa Park, Tx 76367

MOTION FOR ANY AND ALL AVAILABLE REMEDY, RELIEF, REDRESS, AND REMONSTRANCE AUTHORIZED BY THIS HONORABLE COURT OF APPEALS' JURISDICT ON AND AUHOR TY AS AUTHORIZED IN ACCORDANCE WITH THE UNITED STATES CONSTITUTION AND THE TEXAS CONSTITUT ON AND THEIR CONFORMING LAWS

COMES NOW, the Appellant, who does move this Honorable Court of Appeals to otherw se grant and order any and all available remedy, relief, redress an remonstrance to whi h this Appellant may be entitled to under law and equity that may be found in the records of th s cause.

WHEREFORE, PREMISES CONSIDERED, Appellant prays for any and all remedy, redress, relief, and remonstran e that may be authorized by law and equity.

Respectfully submitted,

s/ _____
WILLIE LEE OCKLETREE, #1906981
APPELLANT/MOVANT, Pro Se
ALLRED UNIT/TDCJ-CID
2101 F.M. 369 N.
IOWA PARK, TX 76367

-15-

## CERTIFICATE OF SERVICE

I, WILLIE LEE OCKLETREE, #1906981, the Appellant in the fore-going LETTER FORM PLEADING, who does declare, state, verify, certify, confirm and plead that I have served a true and correct copy of this LETTER FORM PLEADING by placing the same in a postae prepaid envelope and depositing the same in Allred Unit Mail Box to be subsequently picked up by Allred Unit Mail Room Personel for logging in the out-going legal mail and to be subsequently deposited in the U. S. Postal Service for subsequent delivery as hereinafter set forth, to wit:

MR. GARY E. PRUST
LAW OFFICE OF GARY E. PRUST
1607 NUECES STREET
AUSTIN, TEXAS 78701

MR. BOB D. ODOM,
ASSISTANT DISTRICT ATTORNEY
P. O. BOX 540
BELTON, TEXAS 76513

This being a true and correct service which I declare, confirm, state, verify, certify, and plead under the penalty of perjury of the laws of the United States and The State of Texas pursuant to the provisons of 28 U. S. C. sec. 1746 and Tx. Civ. Prac. & Rem. Code, Section 132.001-132.003 by here nafter affixing my signature on this date of July 13, 2015 confirming this to be a true and correct act of service.

s/ _William L. Ockletree_

WILLIE LEE OCKLETREE, #1906981
APPELLANT, PRO SE
ALLRED UNIT/TDCJ-CID
2101 F.M. 369 N.
IOWA PARK, TX 76367

Mr. William Lee Ochletree
TDCJ # 01906981
Allred Unit
2101 Fm 369 North
Iowa Park, TX
76367

Legal Mail (7-15-15)

Court of Appeals
Third District
P.O. Box 12547
Austin, TX 78711-2547